UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JAMIE WINDOVER,

                Plaintiff,

    -against-

KILOLO KOJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

------------------------------------- x

"JAN 11 2022"

MEMORANDUM DECISION
AND ORDER

19 Civ. 3742 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

On November 26, 2019, this case was remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. (ECF Nos. 24-25.) On February 18, 2020, this Court approved an attorney's fee award of $8,300.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 30.) On July 18, 2021, after proceedings on remand were complete, Plaintiff's counsel filed a motion for additional fees and costs pursuant to 42 U.S.C. § 406(b) in the amount of $36,125.63.1 (ECF Nos. 31-33.)

Before this Court is Magistrate Judge Parker's September 13, 2021, Report and Recommendation (the "Report"), recommending that the motion for approval of attorney's fees (ECF No. 31) be granted in the amount of $36,125.63 and that Plaintiff's attorneys refund the award of attorney's fees under 28 U.S.C. § 2412.[1] (Report, ECF No. 37, at 4.)

---

[1] Under 28 U.S.C. § 2412, when counsel receives fees for the same work under 42 U.S.C. § 406(b) and the EAJA, he or she must refund the claimant the smaller fee. See 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186; Pl.'s Memorandum in Support of Mo. to Award Attorneys Fees Under 42 U.S.C. § 406(b), ECF. No. 33, at 1 ("[Counsel] will refund the lesser of the two fees if this Court awards attorneys fees sought herein.")

1

Magistrate Judge Parker advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 4-5.) No objections were filed.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Magistrate Judge Parker conducted a comprehensive and careful inquest. This Court finds no error, clear or otherwise in the Report's analysis. Accordingly, this Court adopts Magistrate Judge Parker's recommended judgment of attorney's fees for the reasons stated in the Report.

Magistrate Judge Parker's Report is ADOPTED in its entirety. Thus, the motion, ECF No. 31, for approval of attorneys' fees is GRANTED in the amount of $36,125.63 and it is ordered that Plaintiff's attorneys refund to the Plaintiff the $8,300.00 of attorneys' fees provided under 28 U.S.C. § 2412.

The Clerk of Court is instructed to close ECF No. 31 accordingly.

Dated: New York, New York
      January 11, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge